USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 96-2081

 UNITED STATES,

 Appellee,

 v.

 CARMELO RAMIREZ-VEGA, A/K/A TITO MORGAN,

 Defendant, Appellant.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Daniel R. Dominguez, U.S. District Judge]

 ____________________

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 ____________________

 Edward E. Parson on brief for appellant.
 Guillermo Gil, United States Attorney, Nelson Perez-Sosa, Assistant
United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation
Counsel, on brief for appellee.

 ____________________

 March 17, 1998
 ____________________
 Per Curiam. Defendant-appellant Carmelo Ramirez-Vega
 appeals from his sentence imposed following a guilty plea to
 possession with intent to distribute (with two co-defendants)
 of two kilograms of cocaine. Appellant's sole issue on appeal
 is that the court erred in imposing a two-level enhancement for
 his supervisory role in the offense under Section 3B1.1(c) of
 the United States Sentencing Guidelines. He seeks to have his
 sentence vacated and remanded for a hearing on his role in the
 offense.
 The guilty plea was entered pursuant to a plea
 agreement under Fed.R.Crim.P. 11(e)(1)(B). Appellant
 specifically agreed that he "had an aggravating role as a
 supervisor within the meaning of the Guidelines Section
 3B1.1(c) and that, therefore, the base offense level shall be
 increased by an additional TWO (2) levels." At his sentencing
 hearing, appellant clearly stated that he did not wish to
 withdraw his plea. Nor does he attack the validity of the plea
 on appeal. Our careful review of the record reveals that there
 is ample support for the district court's finding that Ramirez
 had a supervisory role within the meaning of U.S.S.G. 
 3B1.1(c).
 Under these circumstances, the district court did not
 err in imposing a two-level enhancement for appellant's role in
 the offense. Contrary to appellant's contentions, the district
 court clearly set forth the reasons for imposing the
 enhancement: 1) the plea agreement under which the sentence
 was imposed specifically provided for the enhancement and 2)
 there was factual support for the finding that appellant's role
 was supervisory.
 The information contained in the Presentence Report
 ("PSR") supported a finding that Ramirez "exercised control
 over, or was otherwise responsible for organizing the
 activities of, at least one other individual in committing the
 crime." United States v. Akitoye, 923 F.2d 221, 227 (1st Cir.
 1991). The PSR provided that Ramirez "was accompanied by
 [Acevedo] on more than one of the former's drug negotiations." 
 PSR, p. 6. It further reported that 
 [a]ccording to the Assistant U.S. Attorney, [co-
 defendant Acevedo] was the one who either helped
 carry the cocaine, gave same to the buyer, and on
 other occasions, delivered or accepted payments for
 [Ramirez]. He had no decision making authority, nor
 was he knowledgeable as to the details of the
 negotiations or transactions.
 
 PSR, p. 7. The PSR noted that Ramirez was "described as a
 leader." Ramirez was often accompanied by Acevedo, but the
 latter "exercised no role other than that of helper." PSR, p.
 7. "[F]actual averments contained in the PSI Report usually
 are deemed reliable enough to be used for sentencing purposes." 
 United States v. Brewster, 127 F.3d 22, 28 (1st Cir. 1997).
 The district court did not err in relying -- in part --
 upon information from a co-defendant's guilty plea and
 sentencing hearings, where appellant had the opportunity to
 respond to that information before his sentence was imposed. 
 Compare United States v. Berzon, 941 F.2d 8, 21 (1st Cir.
 1991). Nor, under these circumstances, did the court abuse its
 wide discretion in failing to hold an evidentiary hearing to
 consider statements that appellant indicated would be provided
 by his co-defendants regarding his role in the offense. "[T]he
 decision to hold an evidentiary hearing at the time of
 sentencing or, alternatively, to eschew such a hearing, lies
 within the sound discretion of the sentencing court." United
 States v. Robles-Torres, 109 F.3d 83, 85 (1st Cir. 1997).
 Appellant's conviction and sentence are summarily
 affirmed. See Loc. R. 27.1.